■ MARTHA A. CAMFIELD, Appellant, v LUTHER FOREST CORPORATION et al., Respondents.—Appeal from a judgment of the Supreme Court in favor of defendant, entered March 22, 1979 in Saratoga County, upon a decision of the court at a Trial Term, without a jury. This is an action pursuant to article 15 of the Real Property Actions and Proceedings Law to compel the determination of any claims adverse to those of plaintiff in a wooded, 14-acre parcel of land located in the Town of Stillwater, Saratoga County. We agree with defendants' contention, accepted by the trial court, that they acquired title by adverse possession. Subdivision 1 of section 512 of the Real Property Actions and Proceedings Law provides that where land is possessed adversely pursuant to a claim of title based upon a written instrument, the land is deemed to have been possessed and occupied "Where it has been usually cultivated or improved". As was explained by the Court of Appeals, "The purpose of the statute was to make the possession real, and not constructive, so that it shall be visible, open and notorious. Much depends upon the nature and situation of the property and the uses to which it can be applied" *(Ramapo Mfg. Co. v Mapes,* 216 NY 362, 372-373). The cultivation or improvement need be only consistent with the nature of the property so as to indicate exclusive ownership of the property (see 1 Warren's Weed, New York Real Property, Adverse Possession, §§ 5.01, 5.02), and the person who claims title by adverse possession has the burden of establishing all the facts necessary to prove it. On the record before us, defendants have maintained their burden. William MacKay, president of the defendant corporation, testified that he was a professional forester and had managed the "Luther Forest" in that capacity since 1962. The Luther Forest consists of 6,500 acres, for which a forestry or havesting plan is in effect including the tract in question. Defendants introduced a map, prepared in 1969 pursuant to this plan, which showed the parcel in question and indicated the type of trees growing on it. MacKay further testified that he became familiar with the parcel at issue in 1950 and that there are four concrete monuments on the land, one on each corner. Each monument has two L's cast into them. A map of the Luther Forest, as of January 1, 1939, was also introduced. It contained the subject parcel denominated as Compartment No. 82. Further proof was introduced that in 1931, Luther Forest applied for tax exemptions under the Fisher Tax Law and that the application expressly included the subject property. MacKay testified that in operating the Luther Forest, the defendant corporation always had used the land as the true owner, running equipment over it and incorporating the parcel into the forestry plan. He also testified that the corporation continuously paid the taxes on the property. He stated that the corporation occupied the parcel "in every way necessary to maintain the property and utilize it for which it was purchased and for which it was best suited." Since at least 1960, plaintiff was on notice that defendants claimed title to the property. Through a series of letters from 1960 through 1971, defendant corporation advised plaintiff that it claimed prior title. Plaintiff conceded in her testimony that she had made no effort to improve or occupy the property and that she had never actually walked on or through it. She also conceded that she had observed monuments on the land. Under these facts, we agree with the trial court's conclusion that defendants established continuous possession of the premises from at least 1939, as part of a

working forest preserve and have cultivated the premises within the meaning of subdivision 1 of section 512 of the Real Property Actions and Proceedings Law. Although not necessary to a determination of this appeal, we also conclude that defendants are entitled to the benefits of the recording statute. The record reveals that the tax deed from the State of New York to defendants' predecessor in title, Thomas C. Luther, was recorded in the Saratoga County Clerk's office on April 14, 1928. This deed was not properly indexed, however, until June 8, 1976. Plaintiff claims that she acquired title by virtue of a deed recorded September 24, 1945. She introduced testimony from a title researcher who stated that a proper search of the county clerk's indices would show good title in plaintiff since the deed from the State to Thomas C. Luther had not been properly indexed until after plaintiff's deed had been recorded. Although by statute "indexes" are part of the record of instruments conveying an interest in real property *(Chittick v Thompson Hill Dev. Corp.,* 232 App Div 818; 4A Warren's Weed, New York Real Property, Recording, § 3.09), the county clerk's failure to properly index the tax deed should not deprive a grantee of the right of priority given by statute (Real Property Law, § 291). Section 317 of the Real Property Law provides that "Every instrument, entitled to be recorded, must be recorded by the recording officer in the order and as of the time of its delivery to him therefor, *and is considered recorded from the time of such delivery"* (emphasis added). Here, the tax deed to Thomas C. Luther, defendants' predecessor in title, was duly delivered for recording. Through no fault of the grantee it was not indexed properly by the recording officer and thus not recorded as required by statute (Real Property Law, § 316). However, inasmuch as a prior grantee may not be deprived of the protection of the recording statute because he is not liable for an omission of the clerk to record (see *O'Neill.v Lola Realty Corp.,* 264 App Div 60, 63), the tax deed must be considered recorded from the time of its delivery to the clerk (Real Property Law, § 317; see *Putnam v Stewart,* 97 NY 411, 417; *Mutual Life Ins. Co. of N. Y. v Dake,* 87 NY 257, 264; see, also, *President & Directors of Manhattan Co. v Laimbeer,* 108 NY 578, 585). Since the tax deed in question was properly delivered to the county clerk for recordation prior to the recordation of plaintiff's deed, defendants are entitled to the protection of the recording statute (Real Property Law, § 291). Judgment affirmed, without costs. Mahoney, P. J., Greenblott, Main, Casey and Herlihy, JJ., concur.