OPINION OF THE COURT
Myron E. Tillman, J.
The court has before it a motion to dismiss the complaint as against defendant Lincoln First Bank, N. A. (hereinafter Lincoln) on the grounds that the complaint fails to state a cause of action.
This is an action for the foreclosure and sale of certain real properties owned by the defendants Shirley A. Rogers and 22 Page Ave.-City Drywall Co., Inc. (hereinafter City Drywall).
On or about December 30,1980, defendant City Drywall gave to defendant Lincoln a mortgage to secure an indebtedness owed to Lincoln in the amount of $22,000. This mortgage, dated December 30, 1980, was presented to the Monroe County Clerk for recording and was so recorded on January 8, 1981, in Liber 5158 of Mortgages at page 33. The mortgage recording tax was duly paid at that time.
Lincoln’s mortgage was allegedly improperly indexed by the Monroe County Clerk.
On or about December 10, 1980, defendants Shirley A. Rogers and City Drywall gave to plaintiffs a mortgage on two parcels of land to secure an indebtedness owed to plaintiffs in the amount of $50,000. This mortgage dated *844 December 10,1980, was signed and dated on December 10, 1980, but was not acknowledged. The mortgage was subsequently acknowledged on February 16, 1981. The mortgage was recorded in the Monroe County Clerk’s office on March 30, 1981, in Liber 5198 of Mortgages at page 175.
Plaintiff and its attorney allege that at no time did they have any notice that Lincoln had been given a mortgage; that the transaction between plaintiffs and the mortgagors was predicated on the fact that the two properties were merely encumbered by three small mortgages, the total balances of which left a reasonable equity in the properties. The other mortgages were held by Columbia Banking on the property owned by Shirley A. Rogers, and Marine Midland Bank and DiSanco Construction, Inc., held two mortgages on the property owned by City Dry wall.
Plaintiff further alleges that by reason of the incorrect indexing by the Monroe County Clerk they had no constructive notice of Lincoln’s mortgage.
As they had neither actual notice nor constructive notice of Lincoln’s mortgage they are a bona fide purchaser for value without notice and as such the Lincoln mortgage is subordinate to the plaintiff’s.
Defendant Lincoln alleges that they are entitled to the benefit of the recording statute (Real Property Law, § 291) so as to give plaintiff constructive notice of their mortgage and, in addition, that Donald D. Rogers, president of City Drywall, informed plaintiff of Lincoln’s mortgage so that plaintiff had actual notice.
Section 316 of the Real Property Law makes the index a part of the record of each recorded instrument. As originally enacted section 316 did not incorporate the index as part of the record. This change took place in 1924. In the bill jacket collection pertaining to chapter 582 of the Laws of 1924 (Assembly Intro No. 1006, Print Nos. 1061, 1947), there is a letter from the president of the New York State Title Association dated April 14, 1924, in which he says, “If this legislation is approved it charges the County Clerk with indexing every name appearing in the instrument and after the above mentioned date such indexes can be safely relied upon or the Clerk will be liable.” A letter *845 from the solicitor of the Title Guarantee and Trust Company says, “this proposed amendment does not change the present law applicable to any of the counties of greater New York where the block system of indexing and recording instruments applies. It does change the law in other parts of the State”. Clearly, the amendment to section 316 in 1924 (L 1924, ch 582) was intended to enact that an error in indexing prevents the record from constituting constructive notice of the filed instrument. Until this amendment, the law had been governed by the Court of Appeals case, Mutual Life Ins. Co. of N. Y. v Dake (87 NY 256, 264), but wherein the court clearly indicated that it thought the law should be amended.
Defendant Lincoln relies on the Third Department, Appellate Division, case Camfield v Luther Forest Corp. (75 AD2d 671). This was an adverse possession case and was decided on that basis. The part of the decision devoted to the recording statute was obiter dicta. In addition, the court appeared to disregard the amendment to the law and merely cited Chittick v Thompson Hill Dev. Corp. (232 App Div 818), for the bold statement that indexes are part of the record. Chittick (supra) is a case which decided nothing. It was originally decided by the Second Department, Appellate Division (230 App Div 410), which decision was based on the court’s omission to note the 1924 amendment to section 316 of the Real Property Law. When a motion to reargue was made (Chittick v Thompson Hill Dev. Corp., 232 App Div 818, supra), this was denied because of the laches of the moving party, but the court pointed out the incorrectness of the phrase in the former opinion, “indexing is no part of the record.” This court, therefore, finds the Chittick case unpersuasive. As that part of Camfield (supra) devoted to the recording statute was obiter dicta, this court has no hesitation in respectfully disagreeing with that part of the decision.
For all of the above reasons the court finds that defendant Lincoln must be denied the benefit of the recording statute and the court finds that the plaintiff herein did not have constructive notice of Lincoln’s mortgage. However, there is a question of fact as to whether plaintiff had actual *846 notice. There are conflicting affidavits before the court and, for this reason, the motion to dismiss the complaint is denied.