■ IRENE FRANZEN et al., Respondents, v JOSEPH CASSARINO et al., Appellants.—Order and judgment unanimously modified on the law and facts and as modified affirmed with costs to defendants, in accordance with the following memorandum: Plaintiffs commenced this action to quiet title to a disputed parcel to which plaintiff Kleine has nominal title but to which defendants Cassarino, by their counterclaim, claim title by adverse possession. Following a bench trial, the court declared that defendants have title by adverse possession to a small portion of the disputed property upon which their buildings encroach, declared that they have a prescriptive easement over an additional portion for the purpose of maintaining

their improvements, but rejected defendants' claim of title to the whole area by adverse possession. In awarding title to most of the disputed property to plaintiff Kleine subject to the prescriptive easement to defendants, the court found that defendants had established the common-law requirements for adverse possession (thus establishing the lesser requirements for a prescriptive easement), but that they had failed to establish the statutory requirements for adverse possession (see, RPAPL 522). We disagree with the court's findings in part and, accordingly, modify the judgment appealed from to declare that defendants have title by adverse possession to the whole of the disputed parcel.

Defendants met the common-law and statutory requirements for establishing adverse possession by demonstrating by clear and convincing evidence that, for a period of 10 years, they and their predecessors in interest actually possessed the disputed parcel and that such possession was hostile and under claim of right, open and notorious, exclusive and continuous for the statutory period (Belotti v Bickhardt, 228 NY 296, 302; City of Tonawanda v Ellicott Cr. Homeowners Assn., 86 AD2d 118, 120). Additionally, defendants satisfied the statutory requirements specifying those acts necessary to establish the common-law requirement of actual possession by demonstrating that the property had been "usually cultivated or improved" (RPAPL 522 [1]; Van Valkenburgh v Lutz, 304 NY 95, 98; City of Tonawanda v Ellicott Cr. Homeowners Assn., supra, at 120). Defendants and their predecessors occupied the disputed area by mowing the lawn, planting a vegetable garden, raking leaves, and cleaning debris. They planted and transplanted numerous trees and bushes and harvested fruit trees. They built, maintained, and/or removed various structures that partially encroached upon the disputed parcel. They constructed and maintained an elaborate drainage and septic system along the entire length of the parcel. Finally, they used the disputed parcel to store firewood and to obtain access to the otherwise inaccessible northern portion of their property. With respect to the relevant prescriptive period addressed by the court, 1964 to 1979, the record is devoid of any indication that the disputed parcel was entered by plaintiffs' predecessors, or that plaintiffs' predecessors ever objected, consented or acquiesced to defendants' possession of the disputed parcel. Thus, the common-law elements of actual, open, exclusive, hostile and uninterrupted possession were established by defendants.

With respect to the statutory requirement of usual cultiva-

tion or improvement (RPAPL 522 [1]), "[t]he type of cultivation or improvement sufficient under the statute will vary with the character, condition, location and potential uses for the property * * * and need only be consistent with the nature of the property so as to indicate exclusive ownership" *(City of Tonawanda v Ellicott Cr. Homeowners Assn., supra,* at 122-123). Here, since the disputed property lies directly adjacent to defendants' summer residence, defendants established the requirement of usual cultivation by showing that they mowed the lawn, planted grass and a vegetable garden, raked leaves, removed debris, and planted, transplanted and pruned trees and bushes within the disputed parcel *(compare, West v Tilley,* 33 AD2d 228, 230, 232, *lv denied* 27 NY2d 481; *Mastin v Village of Lima,* 86 AD2d 777). Moreover, defendants met the requirement of usual improvement by showing that they and their predecessors built and/or maintained various structures encroaching upon the disputed parcel, including a house, two sheds, and an elaborate drainage and septic system. (Appeal from order and judgment of Supreme Court, Wayne County, Siracuse, J.—RPAPL art 15.) Present—Callahan, J. P., Doerr, Denman, Lawton and Davis, JJ.