■ FRANCIS TUBOLINO et al., Appellants, v GARY F. DRAKE et al., Respondents.—Judgment unanimously reversed on the law with costs, complaint reinstated and judgment granted to plaintiffs, in accordance with the following Memorandum: Plaintiffs commenced this action under RPAPL article 15, claiming ownership of a disputed 10-acre parcel of land. They contended that their chain of title is superior to that of defendants, and that, in any event, they acquired title to the property by adverse possession. Following a bench trial, judgment was entered dismissing plaintiffs' complaint and impliedly awarding judgment to defendants on their counterclaim asserting ownership of the property. We reverse and award judgment to plaintiffs on their claim of adverse possession, which supersedes the issue concerning which party has a superior chain of title.

In order to establish title by adverse possession, plaintiffs were required to show by clear and convincing evidence that, for a period of 10 years (see, CPLR 212 [a]; RPAPL 311, 501), plaintiffs actually possessed the premises and that such possession was hostile and under a claim of right, open and notorious, and exclusive and continuous for the statutory period (see, Belotti v Bickhardt, 228 NY 296, 302; Franzen v Cassarino, 159 AD2d 950, 951; City of Tonawanda v Ellicott Cr. Homeowners Assn., 86 AD2d 118, 120; Gerwitz v Gelsomin, 69 AD2d 992). Because plaintiffs claim that they entered the premises under a claim of title by quitclaim deed, they also were bound to meet the requirements of RPAPL 512 (see, RPAPL 511, 512). That statute codifies and specifies those acts necessary to establish the common-law requirement of actual possession (cf., Van Valkenburgh v Lutz, 304 NY 95, 98; City of Tonawanda v Ellicott Cr. Homeowners Assn., supra, at 120). RPAPL 512 provides that a person claiming adverse possession of land nominally owned by him is deemed to have possessed it where it has been usually cultivated or improved, protected by a substantial enclosure, or used for the supply of fuel or of fencing timber either for the purposes of husbandry or for the ordinary use of the occupant (RPAPL 512 [1], [2], [3]). It has been repeatedly held that what constitutes usual cultivation and improvement within the meaning of the statute varies with the nature of the property and the uses to which it can be applied (Ramapo Mfg. Co. v Mapes, 216 NY 362, 372-373; Franzen v Cassarino, supra, at 952; City of Tonawanda v Ellicott Cr. Homeowners Assn., supra, at 122-123).

We conclude that the common-law and statutory elements of actual, open, exclusive, and continuous use and possession of the disputed parcel were established by plaintiffs. The 10-year requirement was met by proof that plaintiffs and their predecessors have possessed the property since 1961. The record is devoid of any indication that the disputed parcel was entered by defendants or anyone else during that prescriptive period; thus, the element of exclusivity is clearly met. Nor can it be claimed that possession by plaintiffs was not actual and open. They hunted, fished, trapped, and walked on the property. They cut numerous standing trees and fallen logs, and removed the timber over a road constructed by them for that purpose. Some of the wood plaintiffs used for residential heating, while other timber was sold to loggers whom plaintiffs permitted on the property. In addition to constructing the road, plaintiffs constructed a drainage culvert, repaired a footbridge, and posted a "no trespassing" sign. Those activities constitute sufficient cultivation and improvement where the proof was uncontroverted that the land was unsuitable for farming or other development.

The requirement of continuity is well established. Plaintiffs immediately entered upon the property upon acquiring it and the adjoining residential parcel in 1976, and their exclusive possession of the property was unchallenged and never interfered with until 1988, when defendants first asserted their competing claim. Plaintiffs testified without contradiction that their logging activities were conducted every year.

The element of hostility is presumed from the proof that the possession was actual, open, continuous, and exclusive (see, RPAPL 511; *City of Tonawanda v Ellicott Cr. Homeowners Assn., supra,* at 121). In any case, there is ample proof that plaintiffs' possession was hostile, i.e., under a claim of right and adverse to any claim by defendants or anyone else. The most significant facts in that regard are that plaintiffs and their predecessors took title to the property by written instrument and paid the property taxes on the separately assessed parcel for over 20 years. Further, plaintiffs cut down the trees and removed them from the property in full view of the neighbors, including defendants. The element of hostility is further established by the lack of any indication that plaintiffs' possession was with the consent or permission of defendants (see, *Franzen v Cassarino, supra,* at 951). Defendants never objected to plaintiffs' possession and exploitation of the property and, to the extent the subject came up, defendants acknowledged plaintiffs' ownership. On one occasion, one of

the defendants apologized to plaintiffs' predecessors for his agent's mistaken entry onto the disputed parcel. By all indications, defendants did not suspect that they owned the parcel until 1988; until then, they never asserted a competing claim and did not pay the taxes.

Plaintiffs established the common-law and statutory elements of their adverse possession claim and thus they are entitled to judgment declaring that they are the owners of the parcel. (Appeal from Judgment of Supreme Court, Oswego County, Miller, J.—Quiet Title.) Present—Denman, P. J., Doerr, Green, Balio and Lawton, JJ.