■ PASQUALE FERRACANE, Appellant-Respondent, v GRAND-VIEW ESTATES CONSTRUCTION CORPORATION et al., Respondents-Appellants. [608 NYS2d 750] —White J. Cross appeals from a judgment of the Supreme Court (Prior, Jr., J.), entered December 31, 1992 in Albany County, upon a decision of the court in favor of defendants.

This action for breach of contract and specific performance arises out of a failed attempt by plaintiff to purchase a one-third interest in defendants Carriage Hill Development Corporation and Grandview Estates Construction Corporation. The facts found by Supreme Court following a bench trial are that in late 1988 or early 1989 plaintiff asked defendant Luigi Cicero if he could participate in two real estate development projects being pursued by Carriage Hill and Grandview and which were owned by Cicero and defendant Cosimo Lorica. At a meeting in January 1989, Cicero and Lorica (hereinafter collectively referred to as defendants) advised plaintiff that he could purchase a one-third interest in the corporations for $256,666.66. The parties' agreement was never memorialized in a writing. On May 25, 1989, plaintiff paid $35,000 to defendants and agreed to pay an additional $50,000 as soon as the money was available from another real estate development corporation, known as CFL Associates, Inc. (hereinafter CFL), in which defendants had an ownership interest.

On August 4, 1989, plaintiff and defendants attended a meeting at the office of Richard Piedmont, an attorney, where they signed shareholder agreements and other corporate documents. Although these documents indicated that plaintiff was a shareholder in each corporation, he was not provided with any shares of stock because he had not completed payment for them. It was ultimately agreed that plaintiff would pay $100,000 to defendants immediately upon the completion of two

anticipated closings involving CFL properties. When defendants learned that the CFL closings had taken place and plaintiff had not made the $100,000 payment, they advised him that they no longer wanted him as a participant in the two projects. Thereafter, the parties entered into settlement negotiations that elicited a renewed offer from defendants to plaintiff to become a shareholder in the corporations by paying $100,000 and executing promissory notes for the balance. Defendants established an October 31, 1989 deadline for plaintiff to indicate whether he accepted the offer. Plaintiff declined to accept; however, on November 17, 1989 he reversed his position and indicated that he would do so. Defendants elected not to honor this late acceptance.

Predicated upon these findings, Supreme Court dismissed plaintiff's claims finding, *inter alia,* that plaintiff had breached the contract by failing to make the required down payment and that the action was precluded by the Statute of Frauds set forth in UCC 8-319. The court also implicitly denied defendants' counterclaim seeking the imposition of sanctions against plaintiff. These cross appeals ensued.

Even if we were to agree with plaintiff that the Statute of Frauds was satisfied, we would still affirm. Our review of the record discloses that the focal point of this lawsuit was a credibility issue involving the down payment that plaintiff was obligated to pay which Supreme Court resolved in defendants' favor. While we are not bound by Supreme Court's findings *(see, Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492, 499), we accord great weight to a Trial Judge's resolution of credibility issues *(see, Matter of Lori H. v Matthew I.,* 171 AD2d 991, 992). Applying this standard here, we conclude that there is no reason to disturb Supreme Court's findings as the totality of the evidence supports defendants' version of the events. Therefore, in view of plaintiff's breach of the contract, Supreme Court's dismissal of his causes of action was appropriate *(see, Contro v White,* 176 AD2d 1052; 22 NY Jur 2d, Contracts, § 370).

We also find that the dismissal of defendants' counterclaim was appropriate as plaintiff's conduct cannot be deemed frivolous within the meaning of 22 NYCRR 130-1.1.

Mikoll, J. P., Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.