Requestor: Kenneth A. Schoetz, Esq., County Attorney County of Erie 69 Delaware Avenue — Suite 300 Buffalo, N Y 14202
Written by: Michael D. Morgan, Assistant Attorney General
You advise that the Erie County Clerk uses an electronic imaging system to record real property documents and a computerized index with respect to such documents. Paper copies of real property documents are no longer maintained. Real Property Law (hereafter, "RPL") § 321 provides that upon evidence that a mortgage has been paid or otherwise satisfied and discharged, the recording officer shall mark the record of the mortgage with certain information specified in section 321 to so indicate. RPL § 321(1), (2)(a) and (2)(b). You note that entry of information upon the electronic image of the recorded mortgage cannot be accomplished. You ask whether entry of appropriate information upon the computerized index entry with respect to the mortgage fulfills the requirements of RPL § 321. We conclude it does.
The use of a computerized indexing system with respect to recorded real property documents is authorized by RPL 316 which provides that a county clerk may use an electro-mechanical, electronic or any other method he deems suitable for maintaining such indexes. See also, County Law §529(2).
Real Property Law § 321(1) provides that upon presentation of a proper certificate specifying that a mortgage has been paid or otherwise satisfied and discharged, "[t]he recording officer shall mark on the record of a mortgage the word `discharged'. Per RPL § 321(2)(a), the recording officer is required to record the certificate and to "note on the record of the mortgage the book and page containing the record of such certificate . . . or the serial number of such record". In addition, RPL § 321(2)(b) requires the recording officer to record every other proper instrument relating to a mortgage and to "enter a minute upon the record of the mortgage to which such instrument relates, indicating the nature of such instrument and the book and page where it has been recorded or the serial number of such record".
The foregoing provisions of RPL § 321 require a recording officer to make various entries upon the record of the mortgage. By its terms, RPL § 321 does not require the entry upon the mortgage, a copy thereof, or an electronic image of the mortgage, but rather upon the record thereof. Real Property Law § 316, which provides that each recording officer must maintain sets of indexes for mortgages and conveyances, also provides as follows: "Such indexes shall form a part of the record of each instrument hereafter recorded". See also, HenriettaBldg. v Rogers, 117 Misc.2d 843 (Sup Ct Monroe Co 1983).
Accordingly, because an index is a part of the record of the instrument recorded, we conclude that a recording officer may meet the requirements of Real Property Law § 321 by making entries of the information required by Real Property Law § 321 in the computerized index relating to the mortgage discharged.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.