■ VILLAGE OF CASTLETON-ON-HUDSON, Respondent, v WILLIAM J. KELLER, SR., et al., Appellant. (And Another Related Action.) [617 NYS2d 386] —Peters, J. Appeal from an order of the Supreme Court (Kahn, J.), entered April 8, 1993 in Rensselaer County, upon a decision of the court in favor of Village of Castleton-on-Hudson.*

These actions concern a dispute over the ownership of a one-acre parcel of land in the Town of Schodack, Rensselaer County, which appears in the deeds held by the Village of Castleton-on-Hudson and William J. Keller, Sr. and Barbara C. Keller. Facts adduced at this nonjury trial reveal that sometime prior to May 1968, Village Engineer Charles Barrow recommended that the Village acquire property from Battisti Water Supply Corporation, which included a parcel of land later designated as parcel C in the Village's water works map because it was believed that such property adversely affected the Village's surface water supply system. Unsure of the specific boundaries of Battisti Water's property, Barrow retained Rockefeller and Nucci, a surveying firm. Rockefeller and Nucci created a survey to scale dated April 25, 1968 based upon its research of all existing deeds of adjoining property owners, field measurements and the oral representations of the owner in possession, Angelo Battisti. Iron rods were placed at the boundaries thereof.

By deed dated May 31, 1968, the Village acquired a 6.95-acre parcel from Battisti Water, which included the area designated as parcel C. The deed description mirrors the Rockefeller and Nucci survey. On November 15, 1968, four-foot-high concrete monuments replaced the iron rods in order to provide visible and durable markers depicting the boundaries of the 6.95-acre parcel. Prior to 1971, the Village improved the subject property by eliminating a pond and reinstating a stream to its original condition.

In 1972, the State Department of Transportation (hereinafter the Department) discussed plans to construct Interstate Route 90 (hereinafter I-90) through Schodack. In connection

---

* This appeal involves two actions. In action No. 1, Village of Castleton-on-Hudson seeks ejectment with a demand for treble damages pursuant to RPAPL 853 against William J. Keller, Sr. and Barbara C. Keller. In action No. 2, William J. Keller, Sr. and Barbara C. Keller commenced an action pursuant to RPAPL article 15 against the Village to quiet title to approximately one acre of land in the Town of Schodack, Rensselaer County.

therewith, at its November 12, 1973 meeting, the Village Board authorized the Department to enter its property for the purpose of drilling operation wells on parcel C. Wells were drilled and were connected to the Village's water supply through the use of above-ground irrigation piping and box culverts. The Village used these wells for approximately one year. The Department further constructed, at the Village's expense, a sleeve under I-90 in contemplation of a future permanent connection between the wells and the Village's water supply. Two of the three wells were located next to the easterly boundary of the Village's property. Each well also has a concrete encasement around it which is approximately six feet in diameter and several feet high above the ground.

Testimony further revealed that during such construction project other improvements were made on behalf of the Village by the Department, including the construction of a service road and the provision of electrical service. Thereafter, the Village conducted yearly inspections of the property, intermittently tested the wells, monitored the wells to prevent vandalism and trespassing, and maintained the property by plowing the access road and clearing out the culverts. On April 12, 1976, the Village acquired title to all of the permanent improvements and salvaged items remaining on the property under a written agreement between itself and the State.

When the Village acquired the subject property in 1968, the property north and east thereof was owned by Geneva Jones and William Jones. It was purchased in May 1972 by Delbert Bessette and Dorothy Bessette. In 1977, the Kellers entered into a land contract with the Bessettes for the purchase of their property and in 1986 the Kellers received actual title. Delbert Bessette testified that when he purchased the property from Geneva Jones in 1972, he did not have an actual survey of the property and did not know the actual boundaries. He did not believe that he owned the area in question. Delbert Bessette further testified that he intended to convey to the Kellers what the Joneses had conveyed to him. Both the Village and the Kellers paid taxes on the disputed parcel yet the tax maps on file in the Rensselaer County Clerk's office show only the Village as owning the property in dispute. While the Kellers used the property under their land contract from 1977 until its purchase and transfer in 1986, they did not improve such parcel in any way.

In 1987, the Kellers began to question the Village's ownership interest in the disputed parcel. At such time they re-

tained the services of a surveyor, Christian Momrow, who was provided with a copy of a map provided to the Bessettes prior to their transfer of interest to the Kellers. Momrow testified that there was an overlap of title between the property conveyed to the Village by Battisti Water and the property conveyed from the adjoining owners to the Kellers. As a result of such information, a barrier was placed across the access road to the wells. In June 1987, the Village commenced this action against the Kellers alleging, *inter alia,* unlawful ejectment. In December 1987, the Kellers commenced the related action against the Village pursuant to RPAPL article 15 to quiet title. Following a nonjury trial, Supreme Court found in favor of the Village.

It is well settled that in order to establish title by adverse possession, the Village had the burden to demonstrate by clear and convincing evidence that for a period of 10 years it actually possessed the property in dispute and that such possession was open and notorious, exclusive, continuous, hostile and under a claim of right *(see, Tubolino v Drake,* 178 AD2d 951; *City of Tonawanda v Ellicott Cr. Homeowners Assn.,* 86 AD2d 118). Moreover, since the Village claims that it entered the property in dispute under a claim of title by warranty deed, it was required to also meet the requirements of RPAPL 511 and 512. Such provisions not only require "a continued occupation and possession of the premises * * * for ten years" (RPAPL 511), but also require that a person claiming title by adverse possession pursuant to a written instrument may be deemed to have possessed it, *inter alia,* "[w]here it has been usually cultivated or improved" (RPAPL 512 [1]). In so analyzing this statutory requirement, we note that "[i]t has been repeatedly held that what constitutes usual cultivation and improvement within the meaning of the statute varies with the nature of the property and the uses to which it can be applied" *(Tubolino v Drake, supra,* at 951; *Franzen v Cassarino,* 159 AD2d 950; *City of Tonawanda v Ellicott Cr. Homeowners Assn., supra).* It "need be only consistent with the nature of the property so as to indicate exclusive ownership" *(Camfield v Luther Forest Corp.,* 75 AD2d 671).

We conclude that the weight of the credible evidence supports Supreme Court's finding that the Village established its claim of title by adverse possession. Had we not found title by adverse possession, the record also supports Supreme Court's determination that the Village is the record owner of the property. The court's determination that the Village's boundary lines were as shown on the Rockefeller and Nucci survey

is amply supported by the credible evidence *(see, Farley v Nilsen,* 192 AD2d 848). Accordingly, notwithstanding the contrary testimony, Supreme Court's resolution of credibility will not be disturbed *(see, Ferracane v Grandview Estates Constr. Corp.,* 202 AD2d 780, *lv denied* 83 NY2d 759; *Levy v Braley,* 176 AD2d 1030).

Mercure, J. P., Crew III, White and Casey, JJ., concur. Ordered that the order is affirmed, with costs.