■ TERRY WAGMAN, Respondent, v VILLAGE OF CATSKILL Appellant. [623 NYS2d 20] —Peters, J. Appeals (1) from an order and judgment of the Supreme Court (Connor, J.), entered November 5, 1993 in Greene County, which granted plaintiff's motion for summary judgment, and (2) from an order of said court, entered April 21, 1994 in Greene County, which denied defendant's motion for reconsideration.

Plaintiff and defendant own adjoining land in the Village of Catskill, Greene County. Plaintiff purchased her property in 1959 and received a deed which did not set forth a metes and bounds description of the property but did indicate, *inter alia,* that it was bounded "on the east and south by premises of George A. Deane". Defendant was devised the property east and south of plaintiff's property upon the death of Mary Deane Beattie in July 1979.[1] Due to a life estate granted to Beattie's husband, defendant did not occupy the property until his death in November 1990. In July 1991, defendant had the property surveyed, which showed that its boundary line included a portion of the property which plaintiff claims to have possessed since 1959. As a result of the survey, plaintiff commenced this action pursuant to RPAPL article 15 for a determination that she acquired title to the disputed parcel by adverse possession. Plaintiff moved for summary judgment which was granted by Supreme Court. Defendant moved for reconsideration which was denied. Defendant now appeals.

Addressing first defendant's motion to renew pursuant to CPLR 2221, it is well settled in the Third Department that to be successful, defendant must demonstrate both new facts to support the motion and a justifiable excuse for not initially

---

1. The trustees of Mary Deane Beattie's estate were the original defendants in this action. Subsequent to the commencement of the action, the trustees conveyed their interest in the premises to defendant, who was substituted as defendant upon stipulation of the parties.

placing such facts before Supreme Court *(see, Sears, Roebuck & Co. v Galloway,* 195 AD2d 825, 826; *Pomygalski v Eagle Lake Farms,* 192 AD2d 810, 812, *lv denied* 82 NY2d 656; *Matter of Barnes v State of New York,* 159 AD2d 753, 753-754, *lv dismissed* 76 NY2d 935). We have noted that "[r]enewal is by no means guaranteed and [it] 'is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation' " *(Matter of Barnes v State of New York, supra,* at 754, quoting *Matter of Beiny,* 132 AD2d 190, 210, *lv dismissed* 71 NY2d 994). Here, the alleged new facts presented in affidavits challenge plaintiff's credibility and refute her allegations regarding her exclusive use and cultivation of the disputed property. Assuming, without deciding, that such affidavits demonstrate new facts to support the motion, we find that Supreme Court properly concluded that defendant did not proffer any justifiable excuse for the failure to have offered such evidence at the time of the original motion.

Our review of the record reveals that all witnesses with their corresponding information were clearly available to defendant prior to plaintiff's motion for summary judgment and that defendant's failure to adduce such information was due to a lack of diligence *(see, Matter of Barnes v State of New York, supra).* Former counsel's claim that he was unaware that plaintiff's predecessor in title was still alive is unavailing. Not only was this witness listed in the Catskill telephone directory, but all of the other witnesses proffered on renewal either lived or worked in the Catskill vicinity where this land dispute was widely publicized. Hence, we find that defendant's excuses do not rise to the level of a justifiable excuse sufficient for this Court to find, even under a flexible standard *(see, Ramsco, Inc. v Riozzi,* 210 AD2d 592, 593), that Supreme Court abused its discretion in the denial of the motion.

As to Supreme Court's grant of summary judgment to plaintiff, we note that in order to establish title by adverse possession, plaintiff had the burden of demonstrating "by clear and convincing evidence that for a period of 10 years [she] actually possessed the property in dispute and that such possession was open and notorious, exclusive, continuous, hostile and under a claim of right" *(Village of Castleton-On-Hudson v Keller,* 208 AD2d 1006, 1008; *see, Tubolino v Drake,* 178 AD2d 951; *City of Tonawanda v Ellicott Cr. Homeowners Assn.,* 86 AD2d 118). Moreover, since plaintiff based her claim, in part, on the deed she received from her predecessor in title, she had to further demonstrate that such property had been

"usually cultivated or improved" during this period (RPAPL 512 [1]). Such statutory requirement clearly " 'varies with the nature of the property and the uses to which it can be applied' " *(Village of Castleton-On-Hudson v Keller, supra,* at 1008, quoting *Tubolino v Drake, supra,* at 951) "so as to indicate exclusive ownership of the property" *(Camfield v Luther Forest Corp.,* 75 AD2d 671).

Our review of the record supports Supreme Court's conclusion that plaintiff sustained her showing of both the common-law and statutory elements of adverse possession. Such evidence consisted of affidavits indicating that plaintiff had possessed, maintained and used the disputed property since 1959 and that such use and possession went uninterrupted by both defendant and its predecessors in title until 1991 when plaintiff observed defendant's surveyor. The evidence further reveals that plaintiff's family regularly mowed the lawn on the disputed property, cut and cleared bushes and trees, and kept the property cleared for recreational use.

Moreover, given the general language of the deed, plaintiff consistently maintained that she owned such parcel and that it was considered her backyard where it was used openly for various recreational purposes including picnics, ball games and sledding *(see, City of Tonawanda v Ellicott Cr. Homeowners Assn., supra,* at 121). With the lack of any evidence indicating that plaintiff's possession was with the consent or permission of defendant's predecessors, the element of hostility was established *(see, Franzen v Cassarino,* 159 AD2d 950, 951).[2] Addressing the statutory requirement that the disputed parcel be "usually cultivated or improved" *(see,* RPAPL 512 [1]), we find that plaintiff's continued maintenance of the property since 1959, corroborated by other evidence indicating visible, open and notorious possession, constitutes sufficient

---

2. We note that it is well settled that "adverse possession for the requisite period of time not only cuts off the true owner's remedies but also divests him [or her] of his [or her] estate" *(Connell v Ellison,* 86 AD2d 943, 944, *affd* 58 NY2d 869). Such becomes relevant since the record establishes that both the Deanes' and Beattie's rights in the disputed parcel were extinguished long before July 1979, the date that defendant was devised the property from Beattie. Since we find that plaintiff established all the elements of adverse possession by 1974 under the longest possible statutory period of adverse possession (15 years) *(see, Spiegel v Ferraro,* 73 NY2d 622, 628; *Connell v Ellison, supra),* the fact that the property is now owned by a municipality and designated to be used as a "public park" is of no avail to defeat plaintiff's claim *(see, Litwin v Town of Huntington,* 208 AD2d 905, 906; *Firsty v De Thomasis,* 177 AD2d 839, 840; *City of Tonawanda v Ellicott Cr. Homeowners Assn.,* 86 AD2d 118, 120, *supra).*

"cultivation or improvement" of such residential parcel so as to indicate exclusive ownership *(Camfield v Luther Forest Corp.,* 75 AD2d 671, *supra).*

With such prima facie showing of entitlement to summary judgment, defendant became obligated to submit proof in admissible form sufficient to defeat plaintiff's motion *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). The affidavit of defendant's original attorney, who had no personal knowledge of the relevant facts, was insufficient for this purpose *(see, Vermette v Kenworth Truck Co.,* 68 NY2d 714; *Zuckerman v City of New York, supra).* Accordingly, where defendant failed to submit proof in admissible form adequately raising genuine issues of fact, we find that Supreme Court properly granted summary judgment to plaintiff.

Mikoll, J. P., Mercure, Crew III and White, JJ., concur. Ordered that the order and judgment, and order, are affirmed, with costs.

