■ DAVID M. BRADLEY, Appellant, v ST. CLARE'S HOSPITAL et al., Respondents. [648 NYS2d 803] —White, J. Appeal from an order of the Supreme Court (Williams, J.), entered April 10, 1995 in Schenectady County, which granted defendants' cross motions for summary judgment dismissing the complaint.

Plaintiff purportedly commenced a medical malpractice action against defendants on April 19, 1993 that was subsequently deemed dismissed when the proofs of service were not filed within the applicable 120-day period (CPLR 306-b [a]). Thereafter, pursuant to CPLR 306-b (b), plaintiff commenced this action on December 1, 1993, approximately six months after the Statute of Limitations had expired. When a search of the file maintained by the Schenectady County Clerk for the action commenced in April 1993 disclosed that it did not contain a summons, defendants moved to dismiss this action as being barred by the Statute of Limitations. Following an evidentiary hearing at which the Deputy County Clerk gave extensive testimony showing that it was highly unlikely that a summons was filed by plaintiff in April 1993 and plaintiff's attorney candidly admitted that he did not know whether he filed a summons, Supreme Court found that a summons had not been filed with the Clerk on April 19, 1993. Predicated upon this finding, Supreme Court granted defendants' motions, prompting this appeal.

Plaintiff's first argument is that Supreme Court's finding is not supported by sufficient evidence. Although we are not bound by Supreme Court's finding, we accord great weight to its resolution of credibility issues as well as its assessment of the weight of the evidence and will not disturb its resolution of these issues when supported by a fair interpretation of the evidence (*see*, *Matter of Kaplan v Werlin*, 215 AD2d 387, 388, *appeal dismissed* 86 NY2d 884, *lv denied* 87 NY2d 806; *Ferracane*

*v Grandview Estates Constr. Corp.*, 202 AD2d 780, 781, *lv denied* 83 NY2d 759).

Viewing the evidence in this perspective, we find that Supreme Court's determination that plaintiff did not file a summons with the Clerk in April 1993 is supported by the testimonial and documentary evidence adduced by defendants in support of their motions. Accordingly, as it is well established that the requisite predicate for the application of extension provisions, like CPLR 205 (a) and 306-b (b), is that the dismissed original action must have been timely commenced (*see, Dreger v New York State Thruway Auth.*, 81 NY2d 721, 723; *Markoff v South Nassau Community Hosp.*, 61 NY2d 283, 288; *see also*, Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C306-b:3, 1996 Pocket Part, at 85), plaintiff was not entitled to the benefits conferred by CPLR 306-b (b). Therefore, because this action was commenced after the expiration of the Statute of Limitations, it was properly dismissed.

Plaintiff alternatively argues that his omission to file the summons should have been cured by a nunc pro tunc order. We disagree for, under these circumstances, such an order would have constituted an impermissible judicial extension of the Statute of Limitations (*see, De Maria v Smith*, 197 AD2d 114, 117).

Mercure, J. P., Casey and Spain, JJ., concur. Ordered that the order is affirmed, with costs.