First National Bank of Scotia, Appellant, v Ann Ric-
cio, Respondent. [652 NYS2d 908] —Mercure, J. Appeal from an
order of the Supreme Court (Dawson, J.), entered December 12,
1995 in Schenectady County, which, *inter alia*, partially
granted defendant's motion for summary judgment.

The parties each claim a first lien on real property located at
507 Saratoga Road in the Town of Glenville, Schenectady
County, defendant as assignee of a mortgage recorded in the
Schenectady County Clerk's office on April 27, 1973 (hereinaf-
ter referred to as defendant's mortgage) and plaintiff by virtue
of a mortgage in its favor that was recorded on April 12, 1991
(hereinafter referred to as plaintiff's mortgage). It is undisputed
that, at the time plaintiff's mortgage was recorded, an errone-
ous notation existed on the copy of defendant's mortgage on
file in the Clerk's office, indicating that defendant's mortgage
had been discharged and referring to the precise book and
page of the purported recorded discharge of mortgage. Not
searching for the discharge at the indicated location (a review
of that instrument would have indicated that it had nothing to
do with plaintiff's mortgage) and despite the fact that her ex-
amination of the mortgagor index showed the mortgage to be
open, the abstractor relied upon the erroneous notation on the
recorded copy of the mortgage as evidence that the mortgage
had been discharged of record.

As correctly reasoned by Supreme Court, in determining the
priority of the respective mortgages, we need give no consider-
ation to the parties' submissions concerning the title examina-
tion standards or practices prevailing in Schenectady County.
To the contrary, such a consideration, although likely relevant
to an inquiry concerning the liability of the County Clerk or
the title examiner, has no bearing on the dispositive issue of

whether, at the time its mortgage was recorded, plaintiff had constructive notice of defendant's undischarged mortgage. We agree with Supreme Court that the entries in the appropriate mortgagor and mortgagee indices, setting forth all required information concerning the mortgage to defendant's assignor (*see*, Real Property Law § 316) and showing no discharge thereof, provided plaintiff with constructive notice of defendant's lien (*see*, Real Property Law §§ 291, 316; *Federal Natl. Mtge. Assn. v Levine-Rodriguez*, 153 Misc 2d 8; *cf., Mutual Life Ins. Co. v Dake*, 87 NY 257, 264-265 [decided prior to and calling for the enactment of Real Property Law § 316]; *Henrietta Bldg. Supplies v Rogers*, 117 Misc 2d 843 [no constructive notice because of incorrect indexing]).

Cardona, P. J., Casey, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.