■ In the Matter of KEVIN STENGER et al., Appellants, v TOWN OF CARMEL ZONING BOARD OF APPEALS et al., Respondents, and MID HUDSON REALTY, INC., Intervenor-Respondent. [688 NYS2d 689] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Town of Carmel Zoning Board of Appeals, filed October 20, 1997, which granted the intervenor-respondent, Mid Hudson Realty, Inc., a use variance, the petitioners appeal from so much of an order and judgment (one paper) of the Supreme Court, Putnam County (Sweeny, J.), dated March 13, 1998, as granted the motion of the respondents, in which the intervenor-respondent joined, to dismiss the proceeding as time-barred, and dismissed the proceeding.

Ordered that the order and judgment is affirmed insofar as appealed from, with one bill of costs.

The respondent Town of Carmel Zoning Board of Appeals (hereinafter the Board) granted the application of the intervenor-respondent, Mid Hudson Realty, Inc. (hereinafter Mid Hudson) for a use variance in a decision filed with the Town Clerk on October 20, 1997. Pursuant to Town Law § 267-c (1), the petitioners were required to commence this proceeding challenging the Board's determination within 30 days of the filing. On November 18, 1997, they delivered an unexecuted order to show cause and petition, memorandum of law, request for judicial intervention, and application for an index number to the Putnam County Clerk together with the filing fee. The order to show cause, however, was not signed until November 21, 1997, after the Statute of Limitations had expired. The Supreme Court granted the motion of the Board and its Chair, the respondent William Spain, joined in by Mid Hudson, to dismiss the proceeding as time-barred. We affirm.

The petitioners failed to satisfy the commencement-by-filing requirements of CPLR 304 when they delivered an unexecuted

order to show cause to the Clerk (see, *Matter of Fry v Village of Tarrytown,* 89 NY2d 714). Consequently, this proceeding was not properly commenced prior to the expiration of the Statute of Limitations (see, *Matter of Gershel v Porr,* 89 NY2d 327; *Bradley v St. Clare's Hosp.,* 232 AD2d 814; *Matter of Vetrone v Mackin,* 216 AD2d 839; CPLR 203 [c] [1]). Altman, J. P., Goldstein, Florio and McGinity, JJ., concur.