■ JAMES C. KITCHEN et al., Appellants, v VILLAGE OF SHERBURNE, Respondent. [699 NYS2d 178] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Ingraham, J.), entered November 25, 1997 in Chenango County, upon a decision of the court in favor of defendant.

On June 17, 1988, plaintiffs purchased property known as the Mountain Top Golf Course (hereinafter referred to as the golf course) located in the Town of Sherburne, Chenango County, from J.J. Alishauskas, Inc. (hereinafter referred to as the corporation), a closely held corporation of which John Alishauskas (hereinafter Alishauskas) was the president. The property had been transferred to the corporation on June 17, 1988 by Alishauskas and his parents (hereinafter collectively referred to as the Alishauskases) who originally acquired. title by warranty deed in 1947. It adjoins property owned by defendant.

The dispute between the parties involves a 10-acre wooded parcel located along the northerly boundary of the golf course which was originally conveyed by warranty deed in 1939 to defendant. The 10-acre parcel was excepted from the deed description contained in the conveyance to the Alishauskases in 1947, but not from the description in the conveyance to the corporation or to plaintiffs in 1988. As a result of defendant's assertion of an interest in the subject parcel, plaintiffs commenced this action in August 1995 claiming title by adverse possession. Following a nonjury trial, Supreme Court rendered judgment in favor of defendant and this appeal by plaintiffs ensued.

Generally, where a party seeks to establish title by adverse possession, it is incumbent upon the party "to demonstrate by clear and convincing evidence that for a period of 10 years it actually possessed the property in dispute and that such possession was open and notorious, exclusive, continuous, hostile and under a claim of right" (*Village of Castleton-On-Hudson v Keller*, 208 AD2d 1006, 1008; *see, Ray v Beacon Hudson Mtn. Corp.*, 88 NY2d 154, 160; *Tubolino v Drake*, 178 AD2d 951). Moreover, where as here, the claim is based upon a deed, RPAPL 511 requires "continued occupation and possession * * * for ten years". RPAPL 512 (1) provides that, for purposes of RPAPL 511, property is considered to be occupied or pos-

sessed "[w]here it has been usually cultivated or improved." Notably, "what constitutes usual cultivation and improvement within the meaning of the statute varies with the nature of the property and the use to which it can be applied" (*Tubolino v Drake, supra,* at 951; *see, Wagman v Village of Catskill,* 213 AD2d 775, 776-777). "It 'need be only consistent with the nature of the property so as to indicate exclusive ownership'" (*Village of Castleton-On-Hudson v Keller, supra,* at 1008, quoting *Camfield v Luther Forest Corp.,* 75 AD2d 671; *see, Wagman v Village of Catskill, supra,* at 777).

In the case at hand, there was undisputed testimony that the 10-acre parcel was deeded to defendant in 1939 and improperly depicted as part of the property conveyed to plaintiffs in 1988 on a survey prepared by Carney Rhinevault. Plaintiff James C. Kitchen testified that he reviewed the Rhinevault survey and walked the boundaries with Alishauskas prior to purchasing the property. He stated that, after acquiring the property, he cleared a portion of the wooded area for the purpose of extending the fairway to the second hole. He further stated that he removed approximately five to six cords of firewood from the property each year. He acknowledged that he did this over a seven-year period from 1988 when he bought the property until the action was commenced in 1995. He further testified that he started to mark certain timber for sale; however, did not pursue this after receiving a letter from defendant claiming an interest in the property.

Alishauskas testified that he and his parents bought the golf course in 1947 and sold it to plaintiffs in 1988. He stated that he had the Rhinevault survey prepared prior to sale and walked the property with Kitchen showing him the boundaries. He identified the disputed wooded area on the Rhinevault survey and stated that he believed his parents had done some logging on it in the 1950s. He further indicated that his family had paid taxes on all of the property, including the area in dispute.

In view of the foregoing, Supreme Court did not erroneously conclude that plaintiffs failed to prove their claim of adverse possession. By his own admission, Kitchen's use and possession of the subject parcel for purposes of extending the golf course and cutting firewood did not take place over the requisite 10-year period. While Alishauskas stated that his parents had done some logging in the disputed area, his testimony was vague concerning the extent and continuity of such activity. Consequently, there is no evidentiary basis for tacking the period of the Alishauskases' possession onto

plaintiffs for purposes of satisfying the 10-year period. Furthermore, the payment of taxes is insufficient to establish a claim of adverse possession (*see, Ray v Beacon Hudson Mtn. Corp.*, 88 NY2d 154, 162, n 5, *supra*). Accordingly, we find no reason to disturb Supreme Court's judgment.

Mikoll, Crew III, Yesawich Jr. and Mugglin, JJ., concur. Ordered that the judgment is affirmed, with costs.