■ DAVID K. AHL, Respondent, v CORA JACKSON, Appellant, et al., Defendants. [708 NYS2d 778] —Order and judgment unanimously affirmed without costs. Memorandum: Supreme Court properly determined that plaintiff obtained title to the disputed parcel by adverse possession. Plaintiff established that, for a period of over 10 years, he and his predecessors in title possessed the disputed parcel and that their possession was open and notorious, exclusive, continuous, hostile and under claim of right (see, Garrett v Holcomb, 215 AD2d 884, 885; Village of Castleton-on-Hudson v Keller, 208 AD2d 1006, 1008; Tubolino v Drake, 178 AD2d 951). Because plaintiff was vested with title to the property by adverse possession, title may be transferred only by deed or other method recognized at law. The statement of plaintiff in a "fence affidavit" after the statutory period had run that he did not claim the land does not constitute a legal transfer. The affidavit constitutes at most

a recognition of record title in another, which is insufficient to divest plaintiff of title after the statutory period had run (*see, City of Tonawanda v Ellicott Cr. Homeowners Assn.*, 86 AD2d 118, 123-124, *appeal dismissed* 58 NY2d 824). (Appeal from Order and Judgment of Supreme Court, Monroe County, Siracuse, J.—Summary Judgment.) Present—Wisner, J. P., Hurlbutt, Balio and Lawton, JJ.