Alfred Samenga, Esq. Informal Opinion County Attorney No. 2001-2 County of Nassau Ralph G. Caso Executive Legislative Building One West Street Mineola, N Y 11501-4820
Dear Mr. Samenga:
You have advised that Mortgage Electronic Recording Systems, Inc. ("MERS"), in its capacity as nominee, has been submitting mortgages to the Nassau County Clerk for purposes of recording. You further indicate that MERS has no legal interest in the mortgages it submits. Your inquiries are:
 1. What are the potential consequences of MERS' use of the following language inserted in a mortgage: "FOR PURPOSES FOR RECORDING THIS MORTGAGE, MERS IS THE MORTGAGEE OF RECORD."?
 2. What is the duty of the County Clerk with respect to indexing such documents?
We conclude that N.Y. Real Property Law § 316 prohibits the Nassau County Clerk from naming MERS as mortgagee for the purposes of recording a mortgage where MERS holds no legal interest in that mortgage. Accordingly, MERS' inserted statement has no legal effect. The Clerk must record the mortgage under the name of the actual mortgagee.
Under New York Real Property Law, a county clerk "shall" record a "conveyance of real property" upon the request of "any party," so long as that conveyance has been "duly acknowledged by the person executing the same," or proved and certified as required. N.Y. Real Property Law § 291 (McKinney 1989 Supp. 2000). The term "conveyance" includes a written instrument by which an interest in real property is mortgaged. See id. § 290(3).
In general, the clerk or registrar of each county must form "general indexes of instruments recorded in his office" to afford "correct and easy reference to the records in his office." Id. § 316. The statute requires a separate set of indexes for "mortgages or securities in the nature of mortgages," and specifies that this set must contain
 two lists in alphabetical order, one consisting of the names of the . . . mortgagors . . ., followed by the names of their . . . mortgagees . . ., and the other list consisting of the names of the . . . mortgagees . . ., followed by the names of their . . . mortgagors . . . .
. . .
 Such indexes shall form a part of the record of each instrument hereafter recorded.
Id.
We believe that the plain meaning of N.Y. Real Property Law §316 precludes MERS's effort to designate itself as mortgagee solely for recording purposes. See People ex rel. Harris v. Sullivan,74 N.Y.2d 305, 309 (1989) ("When [a statute's] language is clear and unambiguous, it should be construed so as to give effect to the plain meaning of its words."). The statute requires the county's clerk or registrar to index mortgages by the names of mortgagors and their mortgagees. If MERS has no legal interest in the mortgage it seeks to record, then MERS can be neither mortgagor nor mortgagee. Therefore, MERS's name cannot substitute for the name of the actual mortgagee in the county's general index for recorded mortgages.
MERS's effort to designate itself as mortgagee solely for recording purposes also undermines the general purposes of the Real Property Law's recording provisions. See People v. Finnegan, 85 N.Y.2d 53, 58 (1995) ("The governing rule of statutory construction is that courts are obliged to interpret a statute to effectuate the intent of the Legislature . . ."). The Legislature enacted "the recording act, which is embodied in article 9 of the Real Property Law," to (1) "protect the rights of innocent purchasers who acquire an interest in property without knowledge of prior encumbrances," and (2) "establish a public record which would furnish potential purchasers with notice, or at least `constructive notice', of previous conveyances and encumbrances that might affect their interests." Andy Associates, Inc. v.Bankers Trust Co., 49 N.Y.2d 13, 20 (1979) (citations omitted).
Accordingly, "a purchaser of an interest in land . . . has no cause for complaint under the statute when its interest is upset as a result of a prior claim against the land the existence of which was apparent on the face of the public record at the time it purchased." Id. (citations omitted). See First National Bank v. Riccio, 236 A.D.2d 697, 698,652 N.Y.S.2d 908, 909 (3d Dep't 1997) ("[E]ntries in the appropriate mortgagor and mortgagee indices, setting forth all required information concerning the mortgage to defendant's assignor and showing no discharge thereof, provided plaintiff with constructive notice of defendant's lien.") (citations omitted).
By the same token, errors in indexing may vitiate constructive notice, because section 316 provides that the index "shall form a part of the record of each instrument hereafter recorded," N.Y. Real Property Law § 316. See Baccari v. De Santi, 70 A.D.2d 198, 203,431 N.Y.S.2d 829, 832 (2d Dep't 1979) ("[S]ince the index has, by statute, been made part of the record of filed instruments, an erroneous indexing by the clerk fails to give constructive notice of the existence and contents of the instrument."); Federal National Mortg. Ass'n v.Levine-Rodriguez, 153 Misc.2d 8, 16, 579 N.Y.S.2d 975, 980 (N.Y.Sup.Ct. 1991) ("Errors in indexing involving the name of the mortgagor are sufficient to vitiate constructive notice of record.").
In this case, since MERS has no legal interest in the mortgages it seeks to file, designating MERS as the mortgagee in the mortgagor-mortgagee indices would not fully satisfy the intent of Real Property Law's recording provisions to inform the public about the existence of encumbrances, and to establish a public record containing identifying information as to those encumbrances. If MERS ever went out of business, for example, it would be virtually impossible for someone relying on the public record to ascertain the identity of the actual mortgagee if only MERS had been designated as the mortgagee of record.
In sum, despite MERS' statement inserted in the mortgages it submits, the County Clerk has no obligation to record MERS as the mortgagee of record where MERS is not the actual mortgagee, because doing so (1) violates the terms of N.Y. Real Property Law § 316, and (2) tends to frustrate the legislative intent of the Real Property Law's recording provisions.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this Office.
Very truly yours,
JIM COLE, Assistant Solicitor General In Charge of Opinions
By:______________________________ SACHIN S. PANDYA
Assistant Solicitor General