PHILIP BACCARI, Respondent-Appellant, v ROBERT DE SANTI et al., Respondents; GEORGE R. MORROW, as Clerk of the County of Westchester, et al., Appellants, et al., Defendants.

Second Department, September 17, 1979

APPEARANCES OF COUNSEL

*A. Paul Goldblum* for appellants.

*Andrew J. Fiore* for respondent-appellant.

*Dreyer & Traub (Samuel Kirschenbaum* of counsel), for respondents.

## OPINION OF THE COURT

*Per Curiam.*

In an action, *inter alia,* to declare plaintiff's mortgage to be a valid first lien against certain property, the cross appeals are from an order which (1) granted plaintiff's motion for summary judgment against defendants the County Clerk of Westchester County and the County of Westchester and (2) granted the cross motion of defendants De Santi and Dale Funding Corp. to dismiss the complaint as to them.

In July, 1973 the plaintiff, Philip Baccari, loaned the sum of $15,000 to his son Nicholas and took a second mortgage upon real property owned by the son located in the Town of Cortlandt in Westchester County. The mortgage was recorded on August 2, 1973 in the office of the County Clerk of West-

chester County. Contemporaneously with the recording of the mortgage instrument, the clerk made a handwritten entry in the "daily tickler index" which indicated the town in which the property was situated, the grantee, the grantor, the liber and page in which the instrument was filed, the date of the filing and the type of instrument. This handwritten index entry correctly indicated that the property was situated in the Town of Cortlandt. A microfilmed copy of the mortgage was then sent to a company which had contracted to compile the permanent town indexes for the County of Westchester. This company produced a permanent index which erroneously stated that the property encumbered by the mortgage in question was located in the Town of Bedford instead of Cortlandt.

On or about July 27, 1977 Nicholas Baccari sold the property to Robert and Joyce De Santi. Ronald A. Santana, the attorney who had represented the son concerning the mortgage transaction with plaintiff, also represented the son in connection with the sale of the property to Mr. and Mrs. De Santi. A title search commissioned by the De Santis at the time of the purchase disclosed the existence of the first mortgage on the property given by Nicholas Baccari to the Westchester County Savings and Loan Association but the search did not reveal the existence of the second mortgage given by Nicholas to the plaintiff. Apparently, the first mortgage was satisfied at the time of the sale and the defendants De Santi financed their purchase of the property by granting a mortgage to defendant Dale Funding Corp. (Dale Funding).

A few weeks after the sale, Nicholas Baccari paid plaintiff the sum of $3,308.05 on account of the mortgage. In all other respects he is in default and his whereabouts are presently unknown. Plaintiff filed a notice of claim and thereafter commenced this action for a judgment declaring that his mortgage is a valid first lien on the property with priority over the mortgage filed by defendant Dale Funding and, in the alternative, if his mortgage is not a valid first lien on the property, for an award of damages against defendants George R. Morrow, Clerk of the County of Westchester, and the County of Westchester.

After the defendant county had served its answer, but apparently before the other defendants had answered, the plaintiff moved pursuant to CPLR 3212 for summary judgment against defendants De Santi and Dale Funding or,

alternatively, against defendants Morrow and the County of Westchester. Defendants De Santi and Dale Funding cross-moved pursuant to CPLR 3211 (subd [a], par 7) to dismiss plaintiff's complaint against them for failure to state a cause of action. Special Term granted summary judgment to plaintiff against defendants County Clerk Morrow and the County of Westchester and it granted the cross motion to dismiss plaintiff's complaint against defendants De Santi and Dale Funding.

■ ■ Plaintiff's cross appeal from so much of the order of Special Term as dismissed his complaint against defendants De Santi and Dale Funding must be dismissed because it was not perfected in accordance with the rules of this court (see *Krauss v Putterman,* 51 AD2d 551, 552; *Howe Ave. Nursing Home v Nafus,* 54 AD2d 686, 687; *Mortgagee Affiliates Corp. v Jerder Realty Servs.,* 62 AD2d 591, 594, affd 47 NY2d 796). Had the cross appeal been properly perfected we would nonetheless have affirmed the order insofar as appealed from by the plaintiff. His complaint clearly fails to state a cause of action against defendants De Santi and Dale Funding. It is elementary that the lien of a mortgage is extinguished upon the sale of the real property affected thereby unless the purchaser has knowledge, either actual or constructive, of the existence of the mortgage (see Real Property Law, § 291; *Todd v Eighmie,* 10 App Div 142; *Williamson v Brown,* 15 NY 354; cf. *Herubin v Malackowski,* 113 Misc 100). Paragraph 10 of plaintiff's complaint alleges that defendants De Santi purchased the property without actual knowledge of plaintiff's mortgage because of the misindexing. While not entirely clear, paragraphs 14 and 15 of the complaint, when read in conjunction with plaintiff's moving papers, allege in substance that notwithstanding the error in indexing, the mortgage itself was properly recorded in the records of the County Clerk and that defendants De Santi and Dale Funding were thereby put on constructive notice of its existence.

■ Thus framed, plaintiff's complaint fails to state a cause of action against defendants De Santi and Dale Funding because it predicates its claim against them solely upon constructive knowledge. Section 310-a of the Westchester County Administrative Code (L 1948, ch 852, as amd by Local Laws, 1967, No. 12) provides that in the event that the County Clerk's index states an erroneous designation of the town in which property affected by a filed instrument is located, the

record of that instrument shall be constructive notice only from the time the error is corrected and the instrument is properly indexed. This local law merely carries out the intent of section 316 of the Real Property Law which makes the index a part of the record of each recorded instrument. An error in indexing prevents the record from constituting constructive notice of the filed instrument for the period that the error remains uncorrected (see 66 Am Jur 2d, Records and Recording Laws, § 91; Ann 63 ALR 1057, 1061). Plaintiff's remedy is to move at Special Term for leave to replead if he can show that defendants De Santi and Dale Funding had actual knowledge of the existence of his mortgage.

We turn now to the question of the liability of defendants County Clerk Morrow and the County of Westchester. Those defendants claim that the world was put on constructive notice of plaintiff's mortgage at the moment it was delivered to the County Clerk for filing. In support of this contention, they rely upon cases in which it was held that where the clerk entirely fails to record or fails to index an instrument duly delivered to him for recording, the instrument is nevertheless deemed recorded upon delivery and the world is put on constructive notice of its contents (see *President and Directors of Manhattan Co. v Laimbeer*, 108 NY 578; *Mutual Life Ins. Co. of N. Y. v Dake*, 87 NY 257). Assuming, but not deciding, that such a rule with respect to *nonfeasance* by the clerk is entitled to continued viability, the fact is that the instant case involves *misfeasance.*

Here there was no failure to record. Rather, the recording was done improperly so that the plaintiff's mortgage was indexed as affecting property in another town. At least since the case of *Frost v Beekman* (1 Johns Ch 288, revd on other grounds 18 Johns 544, 563) bona fide purchasers have been protected where they took without knowledge because of a faulty transcription of an instrument due to the error of the clerk (see *O'Neill v Lola Realty Corp.*, 264 App Div 60, 63, where a bona fide purchaser was protected but the mortgagee could not recover against the clerk because the erroneous indexing of the mortgage was induced by the mortgagee who delivered the instrument for recording; but see contra, *Antonelli v City of Mount Vernon*, 234 NYS2d 550). Our holding in the case of *Security Discount Assoc. v Lynmar Homes Corp.* (13 AD2d 389, modfg 187 NYS2d 677) is not to the contrary since, in that case, we affirmed an order invalidating a mort-

gage lien without reaching the question of the effect of an indexing error by a county clerk. As stated, *supra,* in the discussion of the sufficiency of plaintiff's complaint against defendants De Santi and Dale Funding, it is our opinion that since the index has, by statute, been made part of the record of filed instruments, an erroneous indexing by the clerk fails to give constructive notice of the existence and contents of the instrument.

■ Defendants County Clerk Morrow and the County of Westchester contend that, in any event, they cannot be held liable because the misindexing was caused due to the negligence of an independent contractor, and governmental entities are not ordinarily liable for the tortious conduct of such independent contractors (citing *Matter of O'Brien v City of Syracuse,* 54 AD2d 186, 188; 1A Antieau, Municipal Corporations Law, § 11:04). The instant case falls under an exception to the general rule cited by these defendants. When a specific duty has been imposed upon a person or governmental entity by statute, responsibility for misfeasance cannot be avoided by delegating the performance of the duty to an independent contractor (18 McQuillin, Municipal Corporations, § 53.76b; cf. *Monroe v City of New York,* 67 AD2d 89; *Haskins v City of New York,* 28 AD2d 656, 657). Sections 291 and 316 of the Real Property Law impose upon the county clerk the nondelegable duty of recording and indexing instruments affecting real property and accordingly defendants Morrow and the County of Westchester are chargeable with the negligence of the independent contractor they engaged to perform this statutory duty. In the event they are ultimately held liable in damages to plaintiff their remedy is to seek recovery from the independent contractor on the ground of common-law indemnity.

■ Thus, we hold that defendants County Clerk Morrow and the County of Westchester must be held liable to plaintiff for misfeasance in preparing the permanent town index of mortgages, despite the fact that the error in indexing was caused by an independent contractor, if it is shown that defendant De Santi and Dale Funding acquired their interests in the property without actual knowledge of the existence of plaintiff's mortgage. Although paragraph 10 of plaintiff's complaint alleges that the defendants De Santi purchased the property without such actual knowledge of plaintiff's mortgage lien, the answer of defendant the County of Westchester denies this

allegation. The opposing papers of these defendants reveal that the same attorney represented Nicholas Baccari in the mortgage transaction with plaintiff and in connection with the subsequent sale of the property to the defendants De Santi. The clerk and county claim that there is a substantial possibility that mention was made of the existence of the mortgage to plaintiff during the sale negotiations. It is our opinion that the answer and opposing papers of defendants County Clerk and the County of Westchester raise a question of fact on the issue of actual knowledge sufficient to preclude an award of summary judgment against those defendants. At the very least it was premature to grant that motion against defendants County Clerk and the County of Westchester before they had the opportunity which they sought to depose Nicholas Baccari's former attorney.

Accordingly, the order in question should be modified by deleting the provision granting plaintiff's motion for summary judgment and adding a provision denying said motion without prejudice to renew upon the completion of all disclosure proceedings.

DAMIANI, J. P., TITONE, MANGANO and MARGETT, JJ., concur.

Order of the Supreme Court, Westchester County, modified, by deleting therefrom the provision granting plaintiff's motion for summary judgment against defendants Morrow and the County of Westchester and substituting therefor a provision denying said motion without prejudice to renew upon the completion of all disclosure proceedings.

As so modified, order affirmed, with $50 costs and disbursements payable to defendants Morrow and the County of Westchester by the plaintiff.

Cross appeal by plaintiff dismissed, without costs or disbursements, for failure to properly perfect.