This is an action against the City of Tuscaloosa, the Tuscaloosa Humane Society and one of its employees for negligently, wantonly, or intentionally killing a cow. The trial court granted a summary judgment in favor of the defendants. We affirm in part, reverse in part, and remand.
On November 26, 1979, the Humane Society received reports about a black angus cow at large in the city limits of Tuscaloosa. The cow escaped the place it was being boarded by jumping over a fence. The cow crossed three major streets, McFarland Boulevard, Skyland Boulevard, and Highway 82. The Humane Society employees searched for the cow several hours.
The employees finally enclosed the cow in a backyard in a local neighborhood, but the cow jumped a chain link fence and crossed through several backyards in the subdivision. The Humane Society employees finally used a tranquilizer gun, firing three tranquilizing darts at the cow. The tranquilizer used was a drug named "Rompun," allegedly only intended to be used on horses. The cow died, and Robertson, the owner of the cow, contends that the use of "Rompun" killed the animal.
Robertson brought this action against the City of Tuscaloosa, the Tuscaloosa Humane Society, and one of its employees for negligently, wantonly, or intentionally killing the cow. On March 5, 1981, almost five months after filing the complaint, Robertson amended his complaint to add a cause of action under Code 1975, § 3-4-6 (b). The defendants made a motion to strike the amended complaint. The trial court granted the motion to strike. The defendants made a motion for summary judgment, which the trial judge granted. Robertson appeals.
Three major issues are presented on appeal.
 1) Whether the trial court erred in failing to permit Robertson to amend his complaint.
 2) Whether the trial court erred in holding that the City of Tuscaloosa could delegate its duties concerning the regulation of animals, and thus not be liable for the injuries, under the law of independent contract.
3) Whether the loose cow constituted a nuisance so
that the defendants were justified in killing it.
 I
The Alabama Rules of Civil Procedure permit a party to amend his or her complaint without leave of court, subject to disallowance. ARCP 15 (a). "[B]ut, such amendments shall be freely allowed when justice so requires." Id. We hold that the trial court did not abuse its discretion in disallowing the amendment because the *Page 1066 
cause of action under § 3-4-6 (b)[1] is no longer viable.
Section 3-4-6 (b) permits an owner of livestock to recover five times the amount of damages done if an owner of land injures trespassing livestock. The legislature, in 1951, enacted a complete change in Alabama's range laws. Under the prior statutory scheme, such as the predecessor to § 3-4-6 (b), the burden was on the landowner to fence stock out. Now the burden is on the livestock owner to fence stock in. Monfee v.Seymore, 392 So.2d 1198 (Ala.Civ.App. 1980). When the Alabama legislature enacted the new stock law, it repealed all laws on the same subject matter. Id. In Monfee v. Seymore, the Court held that § 3-4-6 (a) was repealed by the 1951 stock laws. We hold that the same is true for § 3-4-6 (b).
 II
The trial judge held that the duty of animal control was a delegable duty of the City of Tuscaloosa, making the Humane Society an independent contractor. The general rule is that a municipality is not liable for the negligence of independent contractors. See Davis v. Kansas City, 204 Kan. 524,464 P.2d 154 (1970); Bannister v. Farmer's Alliance Mutual InsuranceCo., 630 P.2d 1279 (Okla. 1981); Baccari v. DeSanti, 70 A.D.2d 198,431 N.Y.S.2d 829 (1979). There are exceptions to this rule, but none of them are applicable in the present action.
A municipality may be liable for the negligent acts or omissions of its independent contractor if the contractor is performing a nondelegable duty. Id. See 18 McQuillin, MunicipalCorporations, § 53.71 (3d ed. rev. 1973). A nondelegable duty is usually a specific duty imposed on the municipality by statute. Baccari v. DeSanti, 70 A.D.2d 198, 431 N.Y.S.2d 829
(1979). In the present case, under Code 1975, § 11-47-110, the city has the "power" to exercise control over animals. But §11-47-110 does not impose a duty on the municipality to control animals. The rule in most jurisdictions is that a city is not liable for injury caused to animals by its employees or contractors, even if the injury is malicious and intentional. 18 McQuillin, Municipal Corporations § 53.80 (g) (3d ed. rev. 1973). Clearly, the regulation and control of animals is a delegable duty.
A municipality's liability for torts of independent contractors is the same as the liability of an individual.Davis v. Kansas City, 204 Kan. 524, 464 P.2d 154 (1970). The municipality's immunity is subject to an exception for activities performed by an independent contractor which are inherently dangerous or ultrahazardous. Clark v. City ofChicago, 88 Ill. App.3d 760, 43 Ill.Dec. 892, 410 N.E.2d 1025
(1980). Furthermore, a municipality is liable if it has a duty to maintain reasonably safe premises. See Tyler v. King,287 Ala. 162, 249 So.2d 821 (1971). Neither exception is applicable to the facts of the present case. Therefore, the trial court did not err in holding that the City of Tuscaloosa was not liable for the acts of its independent contractor.
 III
A summary judgment should be granted only when, after viewing the evidence in favor of the nonmoving party, it appears that there is no material issue of fact and the nonmoving party cannot prevail. Forester Jerue, Inc. v. Daniels,409 So.2d 830 (Ala. 1982); Amason v. First State Bank of Lineville,369 So.2d 547 (Ala. 1979). A summary judgment is improper if there is a scintilla of evidence to support the nonmoving party.Amason, 369 So.2d at 549. A scintilla of evidence exists to support Robertson's contention that the Tuscaloosa Humane Society and its employee negligently or intentionally killed his cow. Therefore, the granting of a summary judgment in favor of the Humane Society and its employee was improper.
A nuisance is "anything dangerous or offensive, or unwholesome." Code 1975, *Page 1067 
§ 11-47-117. Whether the cow presented a dangerous condition that warranted killing the animal is a question of fact. Furthermore, whether the employee of the Humane Society was negligent in using the drug Rompun is a question of fact for the jury.
Robertson urges this Court to hold that an authority may kill only an animal which is infected with a disease. Code 1975, §22-10-1 (1); § 22-10-3. Section 22-10-1 merely enumerates those conditions which are nuisances per se. Section 22-10-3 permits a county board of health to destroy an animal which is infected with a disease defined in § 22-10-1 (1). But, this section does not limit the power of an agency in charge of regulating animals to kill an animal in other appropriate circumstances. When the health and safety of the community are endangered by animals, those animals may be destroyed. Whether the circumstances in a particular case justify destruction of an animal is, again, a question of fact.
The judgment below is affirmed in part; reversed in part; and remanded.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.
[1] "(b) If any person injures or destroys any such animal, he shall be liable to the owner for five times the amount of injury done, to be recovered before any court of competent jurisdiction."