This is a premises liability case in which an employee of an independent contractor hired by a premises owner was killed during the progress of the work on a construction project.
The facts pertinent to a resolution of this case are undisputed: The Water and Sewer *Page 891 
Board ("the Board") of the City of Talladega ("the City") owned property on which new water filters were to be constructed at the City of Talladega Water Treatment Plant. The Board hired Burgin Construction Company as general contractor to perform the construction work, part of which required Burgin to excavate at depths of approximately 15 feet. Under the contract with the Board, Burgin became "solely and completely responsible for conditions of the job site, including safety of all persons and property affected directly or indirectly by his operations during the performance of the work." At a preconstruction conference, it was specifically noted that "in accordance with the contract documents, the contractor [Burgin] is responsible for all matters associated with safety at the job site." The City hired Paul B. Krebs Associates, Inc. ("Krebs Associates") to ensure that Burgin adhered to and followed the plans and specifications issued by the City for the construction work. Prior to Burgin's taking over the project, no excavation work had begun, nor had the ground or the property been disturbed. After Burgin began the project, neither the City nor the Board had any employees or representatives at the construction site. Burgin employed Donald Salter Pope to assist in the excavation work, and he was positioned at the bottom of the excavation site when a wall of the excavation caved in on him, causing his death. The wall had not been shored or sloped as required under OSHA regulations.
Helen Ruth Pope, wife of the deceased, sued the City and the Board,[1] alleging that they had negligently caused the death of her husband. The City and the Board moved for a summary judgment, basing their motion on "the pleadings, the deposition of [the superintendent of the Board], Exhibit A (that portion of the construction contract [between the City and Burgin] relative to safety on the job site [at the treatment plant], and Exhibit B (being notes from the pre-construction conference regarding the construction contract on this job site)." The trial court entered a summary judgment for the City and the Board, concluding that there was no evidence that the City and the Board maintained any control or supervision regarding the manner of the contractor's (Burgin's) work or that they participated in any decisions regarding this work; that there was no evidence to establish a duty on the part of the City and the Board; and that "the affidavit of [Pope's expert was] insufficient to defeat the motion for summary judgment in that the affidavit was not based on personal knowledge, but rather on speculative and conclusory statements." The trial court made the judgment final pursuant to Rule 54(b), Ala.R.Civ.P.
Pope filed a motion to alter, amend, or vacate the summary judgment in which she acknowledged that the trial court found her expert witness's affidavit to be insufficient to defeat the motion. She attached to her motion "a new and more thorough affidavit of [her] proffered expert . . . [in which he] explains everything that he has reviewed in this case and exactly what his opinions are concerning the excavation work performed at the time of" the death of her husband in order to establish that the City and the Board were not entitled to a judgment as a matter of law. The trial court denied Pope's motion. Pope appeals. We affirm.
The dispositive issue is what duty the City and the Board, as premises owners, owed the deceased as an employee of Burgin, an independent contractor.
The general rule, as it relates to the duty that a premises owner owes to an employee of an independent contractor, was set forth in Bacon v. Dixie Bronze Co., 475 So.2d 1177
(Ala. 1985), a case with facts similar to those of this case and in which this Court adopted the trial court's order as the opinion of the Court, a portion of which we find applicable to and dispositive of this case: *Page 892 
 " 'The Court [in Chrysler Corp. v. Wells, 358 So.2d 426 (Ala. 1978)] defined the duty owed by the owner of premises to an independent contractor as follows:
 " ' "The owner of premise is not responsible to an independent contractor for injuries from defects or dangers which the contractor knows of, or ought to know. But if the defect or danger is hidden and known to the owner, and neither known to the contractor, nor such as he ought to know, it is the duty of the owner to warn the contractor, and if he does not do this he is liable for result of injury. . . ."
" 'In Quillen v. Quillen, 388 So.2d 985 (Ala. 1980), the Court quoted with approval its earlier opinion inLamson [Lamson] Sessions Bolt Company v. McCarty,234 Ala. 60, 173 So. 388 (1937), as follows:
 " ' "The duty to keep premises safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee, and would not be observed by him in the exercise of ordinary care. The invitee assumes all normal or ordinary risks attendant upon the use of the premises, and the owner or occupant is under no duty to reconstruct or alter the premises so as to obviate known and obvious dangers, nor is he liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of reasonable care."
" '. . . .
 " ' "The entire basis of an invitor's liability rests upon his superior knowledge of the danger which causes the invitee's injuries. Therefore, if that superior knowledge is lacking, as when the danger is obvious, the invitor cannot be held liable." ' "
(Citations omitted.) This rule of law defining the duty owed by a premises owner to an independent contractor applies equally to those employees of the independent contractor who are engaged in work in furtherance of the contract. See Glennv. United States Steel Corp., 423 So.2d 152 (Ala. 1982).
Although the general rule is that a premises owner owes no duty of care to employees of an independent contractor with respect to working conditions arising during the progress of the work on the contract, " ' "[t]he general rule does not apply . . . if the premises owner retains or reserves the right to control the manner in which the independent contractor performs its work." . . . "When the right of control is reserved, the relationship changes from one of premises owner and independent contractor to that of master and servant." ' "Thomas v. Pepper Southern Construction, Inc.,585 So.2d 882, 884 (Ala. 1991) (a case involving an employee who was injured while working on a construction project when a trench caved in). (Citations omitted.) See also Pugh v.Butler Telephone Co., 512 So.2d 1317, 1318 (Ala. 1987), a case with facts virtually identical to those of the instant case; in that case an employee of an independent contractor was killed while working in the line and scope of his employment when the sides of an excavation in which he was working, which sides allegedly were neither sloped nor shored and which excavation allegedly violated certain general safety standards, caved in on him and caused his death. See, also, Koger v.Roden Coal Co., 197 Ala. 473, 474, 73 So. 33, 34 (1916), in which this Court held that a premises owner who had contracted with an independent contractor "to drive a heading in [the premises owner's] mine," could not be held liable for the injuries the employee of the independent contractor suffered due to the independent contractor's negligence.
Control is not an issue in this case, because Pope concedes that the City and the Board did not retain control over the construction work Burgin performed at the treatment plant. Pope argues that the City and the Board were liable because the excavation work being performed was inherently dangerous. In support of this argument, she cites us to Jones v. PowerCleaning Contractors, 551 So.2d 996, 999 (Ala. 1989), andRobertson v. City of Tuscaloosa, 413 So.2d 1064 (Ala. 1982). Those cases *Page 893 
are distinguishable from this case. Robertson involved the question of a city's liability for injury caused to an animal by the city's employees or contractors. Jones
involved an admittedly dangerous chemical and an allegedly inadequate chemical sprayer; it did not involve a question of liability on the part of a premises owner but involved a general contractor's contractual obligation to provide a safe workplace for all employees, to provide all necessary safeguards for the protection of workmen, and to be fully responsible for the acts of the subcontractors and of persons employed by the subcontractors. See, also, Boroughs v.Joiner, 337 So.2d 340 (Ala. 1976), a case in which this Court held a premises owner liable when an independent contractor's application of a pesticide to the premises owner's property caused damage to an abutting landowner's property.
We note that in Bacon v. Dixie Bronze Co., supra, at 1181-82, this Court was presented with the same argument that Pope makes in this case — that a premises owner is liable for injury to an employee of an independent contractor if the work the employee is performing is intrinsically or inherently dangerous. The Court in Bacon addressed the fact that the work the employees were performing would not be intrinsically dangerous if it had been performed with the exercise of reasonable care, skill, and diligence and, therefore, that the premises owner did not have a nondelegable duty to provide the employees with a safe work place.
In this case, the excavation work being performed by Burgin would not have been intrinsically dangerous if the wall of the excavation that caved in on the deceased had been shored or sloped as required by OSHA regulations. Therefore, there was no evidence of a legal duty on the part of the City and the Board as premises owners to the deceased as an employee of Burgin — there was no evidence of any defects on the premises, much less hidden defects that the City and the Board knew of and should have warned Burgin and/or its employee of; no evidence of control by the City or the Board; and no evidence that the City and the Board had any knowledge of Burgin's failure to properly slope or shore the sides of the excavation that would have placed a duty on them to warn the deceased.
Therefore, we affirm the judgment for the City and the Board.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.
[1] Helen Ruth Pope also sued Paul B. Krebs Associates and Ground Engineering and Testing Service, Inc., which had prepared a general sub-surface evaluation for the project at the treatment plant at the request of Krebs Associates. The case is pending against those defendants.