OPINION OF THE COURT
Raymond E. Cornelius, J.
On February 16, 1995, a warranty deed, dated February 10, 1995, was filed in Liber 8578 of Deeds at page 409 of the Monroe County Clerk’s office, whereby certain property in the City of Rochester, known as 115-119 Lydia Street, was conveyed to Richard A. Ranalletta (emphasis added). On December 13, 1995, this record owner executed a promissory note, made payable to Richard E. Wolpert and Carol Soefing, in the amount of $50,032, which was to be payable within a one-year period or upon sale of the property at 115-119 Lydia Street, whichever event occurred first. In order to secure this indebtedness, a mortgage, dated December 4, 1995, was executed and recorded on December 8, 1995, in Liber 12781 of Mortgages at page 57. However, this document named the mortgagor as Richard A. Ranaletta (emphasis added).
On April 10, 1996, Richard A. RanaUetta granted two mortgages to FHB Funding Corp., each to secure an indebtedness in the amount of $55,300. One mortgage was recorded in the Monroe County Clerk’s office on April 17, 1996, in Liber 12915 of Mortgages at page 57, for premises at 115 Lydia Street, and the other mortgage was also recorded on April 17, 1996, in the Monroe County Clerk’s office, in Liber 12915 of Mortgages at page 166, for property located at 119 Lydia Street. Public Abstract Company had conducted a title search prior to acceptance of the mortgages and the making of the loans by FHB Funding Corp. This search failed to disclose the mortgage granted to Richard E. Wolpert and Carol Soefing by Richard A. Ranaletta, and there is no evidence to suggest actual knowledge of this lien on the part of FHB Funding Corp.
On September 22, 1998, a foreclosure action (index No. 98-10026) was commenced by Richard E. Wolpert and Carol Soefing by filing of a summons and complaint. This action was based upon the claim that there had been a default in payment on the underlying promissory note. In addition to the defendant Richard A. Ranalletta, the summons and complaint named the Bank of New York, as trustee under the Pooling and Service Agreement dated as of May 31, 1996 Series 1996-B (Bank of New York), which had become an assignee of the mortgage previously granted to FHB Funding Corp.
*537 Following commencement of the foreclosure action, Joseph Coco allegedly purchased the interests of Richard E. Wolpert and Carol Soefing, in both the mortgage and existing cause of action, for the amount of $42,744. An assignment of mortgage, dated December 28, 1998, was recorded the same date in the Monroe County Clerk’s office. Thereafter, Joseph Coco became the named plaintiff in the foreclosure action, and on January 4, 1999, counsel, on his behalf, made an ex parte application for an order of reference to compute the amount owed on the mortgage. Another Supreme Court Justice issued an order of reference on January 5, 1999, but before a report could be submitted to the court, counsel was contacted by an attorney, on behalf of the defendant Bank of New York. Although this defendant had failed to interpose an answer to the summons and complaint in the foreclosure action, an agreement was reached whereby an answer would be accepted on behalf of the plaintiff. Accordingly, there is no merit to plaintiff’s position that the Bank of New York should be estopped from asserting any affirmative defense or counterclaim.
The answer of the defendant Bank of New York contains an affirmative defense and counterclaim, asserting lack of actual or constructive notice of the mortgage granted to Richard E. Wolpert and Carol Soefing, and a claim that the mortgage, granted to FHB Funding Corp., should be declared a superior lien. The Bank of New York has now made a motion for summary judgment, requesting dismissal of the complaint, and in accordance with the declaratory judgment action contained in the counterclaim, an order declaring the mortgage, now held by the Bank of New York, to be superior to the mortgage, subject of the foreclosure action. A cross motion for summary judgment has been submitted, on behalf of Joseph Coco, requesting a judgment against the defendant Bank of New York.
In addition to the foregoing, an action was commenced by Joseph Coco, identified as third-party plaintiff, against Richard E. Wolpert and Carol Soefing, identified as third-party defendants, under the same index number as the foreclosure action. This action seeks rescission of the agreement between these parties, which had resulted in assignment of the mortgage, based upon a claim of mutual mistake of fact. A motion for summary judgment has also been made on behalf of Joseph Coco, in this action, in the event that the court grants summary judgment to the Bank of New York in the underlying foreclosure action. Counsel for Richard E. Wolpert and Carol *538 Soefing appeared and participated in the oral argument of the motions for summary judgment, but has not submitted any affidavits or other documents which may be considered on such a motion.
The ultimate issue, in this case, is whether the mortgage granted to FHB Funding Corp., which was properly recorded under the correctly spelled name of the mortgagor (RanaUetta) has priority over the prior mortgage granted to Wolpert and Soefing, which was recorded under the incorrectly spelled name of the mortgagor (Ranaletta). There is no proof to controvert the evidence, submitted by the Bank of New York, that the assignor of the subsequent mortgage, FHB Funding Corp., lacked actual knowledge of the previously recorded mortgage. Therefore, the question becomes whether or not the recording of the mortgage, granted to Wolpert and Soefing, was sufficient to constitute constructive notice, notwithstanding the fact that the mortgagor’s name was incorrectly spelled with only one “l.”
A recording officer, which in this case would be the County Clerk, is required to maintain general indexes of instruments, affecting real property, recorded in such office “so as to afford correct and easy reference to the records” (Real Property Law § 316). This section, insofar as relevant to the facts of the pending case, requires the clerk to provide one set of indexes for mortgages, containing two lists in alphabetical order, one consisting of the names of mortgagors, followed by the names of the mortgagees and the other list consisting of the names of mortgagees, followed by the names of the mortgagors. Further, Real Property Law § 316 directs that “Such indexes shall form a part of the record of each instrument hereafter recorded.” This language was added by amendment in 1924 (L 1924, ch 582), and thus, changed the preexisting law, which simply required the recording officer to maintain an alphabetical list.
As a general rule, “The recording statutes in a grantor-grantee indexing system charge a purchaser with notice of matters only in the record of the purchased land’s chain of title back to the original grantor,” and a purchaser “is not chargeable with constructive notice of conveyances recorded outside of that purchaser’s direct chain of title” (Fekishazy v Thomson, 204 AD2d 959, 960 [3d Dept 1994] [internal quotation marks omitted]). This case involved a lease, which was not recorded until after the grantor’s relinquishment of title, and therefore, was held to be outside the chain of title.
In regard to mortgages, an error in indexing has been held to prevent a record of such instrument from constituting *539 constructive notice. (See V & D Realty USA Corp. v Mitso Group, 240 AD2d 562 [2d Dept 1997]; O’Neill v Lola Realty Corp., 264 App Div 60 [2d Dept 1942].) Many courts have struggled, however, with recording errors committed by the recording officer, as distinguished, from errors induced, for example, by the mortgagee. (See e.g. Camfield v Luther Forest Corp., 75 AD2d 671 [3d Dept 1980]; Baccari v De Santi, 70 AD2d 198 [2d Dept 1979].) The problem is presented by cases decided prior to the amendment to Real Property Law § 316, which held that an instrument is deemed recorded upon proper delivery to the clerk, and therefore, constitutes constructive notice, notwithstanding a subsequent error in failing to record or index the instrument. (See Mutual Life Ins. Co. v Dake, 87 NY 257 [1881].) This court would agree that Real Property Law § 316 has changed the law, and that constructive notice may not be premised upon an incorrectly indexed instrument, whether the error was committed by the clerk or induced by one of the parties. In any event, the misspelling of the mortgagor’s name in the pending case was not an error on the part of the County Clerk, but rather the parties to the mortgage.
Counsel for the plaintiff correctly notes that many of the cases involving recording errors have related to the block system of indexing (e.g. V & D Realty USA Corp. v Mitso Group, supra; O’Neill v Lola Realty Corp., supra). Further, in one case, the error consisted of an incorrect designation of the town, which, under a local law, prevented the recording from constituting constructive notice. (Baccari v De Santi, supra.) However, there is one reported decision which, in this court’s opinion, is quite analogous to the facts in the pending case. In Federal Natl. Mtge. Assn. v Levine-Rodriguez (153 Misc 2d 8 [1991]), a deed conveying property to a person having two last names of “Levine” and “Rodriguez” had no hyphen and was indexed under the letter “R,” but the mortgage contained a hyphen and was indexed under the letter “L.” The court, after a scholarly review of the previous case law and the history of the amendment to Real Property Law § 316, held that the error, consisting of indexing the mortgage under the letter “L,” could not provide constructive notice to a mortgagee, whose subsequent mortgage was recorded after a title search failed to detect that the prior mortgage had been indexed under “L” and not “R.”
The unique question presented by the facts in the pending case involves use of a computerized indexing system by the *540 Monroe County Clerk. Indeed, Real Property Law § 316 recognizes that “A county clerk may adopt a new indexing system utilizing electro-mechanical, electronic or any other method he deems suitable for maintaining the indexes.” The computerized indexing in Monroe County was implemented in 1983 for the purposes of examining land records, and includes grantor-grantee indexes, as well as mortgagor-mortgagee indexes. In 1993, there was a further conversion from the then existing computerized system to a system which included an option for a phonetic search.
Plaintiff has submitted affidavits in opposition to the Bank of New York’s motion for summary judgment and in support of his cross motion which indicate that it would have been possible to discover the Ranaletta mortgage to Wolpert and Soefing by entering the first five letters of the mortgagor’s last name or by the use of the phonetic system, notwithstanding the fact that the name was spelled with only one “l” Furthermore, an affidavit from an employee of a title insurance corporation asserts that use of these methods constitutes the standard for title examination in the community.
Notwithstanding the capability of searching indexes by modem technology, such as the computer, Real Property Law § 316 only provides that the mortgagor-mortgagee list be maintained in alphabetical order. Thus, although the name Ranaletta and the name Ranalletta may appear and sound similar, there are actually 25 letters of the alphabet separating the two names. If the alphabetical method of indexing, as provided in Real Property Law § 316, were interpreted to include methods such as searching by use of the first several letters of a person’s last name or a phonetic search, uncertainty would be introduced into the recording and searching of land titles and liens. Such a system would depend, in part, upon the community standards for title examination, which has been held to be relevant only in an action brought against a recording officer or title examiner, but irrelevant on the question of constructive notice. (See First Natl. Bank v Riccio, 236 AD2d 697 [3d Dept 1997].)
In addition to the foregoing, use of a phonetic system is somewhat comparable to the common-law doctrine of idem sonans. Under a phonetic system, an instrument containing an incorrect spelling of a name could presumably be discovered by the input of a name with a diiferent spelling, but similar pronouncement. This, of course, would, in turn, depend upon the subjective mind of the title examiner. The doctrine of idem sonans, which refers to the recognition of legal documents *541 containing names with different spellings but pronounced the same, has recently been rejected for purposes of determining priority of liens on real property. (Big Fun v Gross, NYLJ, Aug. 12, 1998, at 23, col 5.) The issue, in this case, involved a judgment entered under the name of Drizin, which was not disclosed upon a subsequent search under the correct name Drizen. Again, the court in this case declined to apply the common-law doctrine because “Otherwise, the statutory system or [sic] recording land titles, liens, and encumbrances, would lack certainty and titles to real estate rendered hazardous and uncertain” (at 24, col 1 [internal quotation marks omitted]).
Based upon the foregoing reasons, a declaratory judgment should be entered in favor of the Bank of New York determining that the mortgage from Richard A. Ranalletta to FHB Funding Corp., dated April 10, 1996, to constitute a lien superior to the mortgage subject of the foreclosure action. The court has concluded that the misspelled name of Ranaletta, contained in the mortgage given to Wolpert and Soefing, resulted in the recording of such mortgage being outside the chain of title, and therefore failed to constitute constructive notice. Furthermore, although the foreclosure action remains viable as against other defendants, including Richard A. Ranalletta, the complaint should be dismissed as against the Bank of New York. There was no formal opposition to plaintiff’s motion in the form of a request for rescission and a money judgment upon his direct action against Richard E. Wolpert and Carol Soefing. However, plaintiff should select between this remedy and continuation of the foreclosure action and, accordingly, his motion is denied without prejudice.